NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTURO VAQUERO on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREDERICK J. HANNA & ASSOCIATES, P.C.,<br><br>Defendant. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civil Action No. 2:13-cv-00641 (DMC)(JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Frederick J. Hanna & Associates, P.C. ("Defendant") to Dismiss the Complaint of Arturo Vaquero ("Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's Motion is **granted**.

I. **BACKGROUND**[1]

On January 31, 2010, Defendant sent a letter to Plaintiff (the "Letter") regarding a debt allegedly owed by Plaintiff to Chase Bank USA, N.A ("Chase Bank"). The Letter, which was printed on Defendant's letterhead, states the following: "Unless you notify this office within thirty . . . days after receiving this notice that you dispute the validity of the debt . . . this office will assume this debt is valid." The Letter also states that "[t]his is an attempt to collect a debt"

---

[1] The facts from this section are taken from the parties' pleadings.

1

and "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account." Finally, the Letter includes the following statement: "if you fail to contact this office, [Chase Bank] may consider additional remedies to recover the balance due."

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by sending the letter because Defendant did not inform Plaintiff that it is a debt collector and because the contents of the Letter "imply that it is a communication . . . from an attorney which it is in fact not." Plaintiff also alleges that the Letter violated the FDCPA because Defendant did not intend to take legal action against Plaintiff and Defendant could not take legal action because it does not employ any attorney licensed to practice law in this state.

Plaintiff filed the Complaint on January 31, 2013 ("Compl.," ECF No. 1). Defendant filed the instant Motion to Dismiss on April 12, 2013 (ECF No. 8). Defendant's Motion is unopposed.

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the

heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

### III. DISCUSSION

Plaintiff alleges that Defendant violated various subsections of § 1692e of the FDCPA by sending the Letter. "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt'" Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987). Therefore, to sustain a claim under the FDCPA, a plaintiff must demonstrate that the alleged debt falls within the meaning of FDCPA § 1692a(5), which defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."

Plaintiff's sole allegation to plead the existence of a debt under FDCPA § 1692a(5) is that "Defendant sought to collect from [Plaintiff] a debt allegedly due to [Chase Bank] arising from transactions incurred for personal, family, or household purposes" (Compl. ¶ 11). In a separate case against Defendant filed by the same attorney who is representing the instant Plaintiff, this Court rejected almost identical language as insufficient to withstand a motion to dismiss. See Vargas v. Frederick J. Hanna & Assoc., No. 12-3802, slip op. at 3–4 (D.N.J. Feb. 14, 2013) (finding that the plaintiff's conclusory allegation that "the debt at issue arises out of an

alleged transaction which was primarily for personal, family or household purposes" lacked "the sufficiency required to seek relief under the FDCPA"). A number of other courts have reached the same conclusion based on similar language. See Fenn v. CIR, Law Offices, No. 1:10-CV-01903, 2011 WL 2621002, at *3 (E.D. Cal. June 29, 2011) (stating that the plaintiff's allegation that the debt was "for services that 'were primarily for family, personal, or household purposes'" was a "legal conclusion[], not [a] fact[]"); Sullivan v. CTI Collection Servs., No. 809-CV-365-T-30, 2009 WL 1587588, at *2 (M.D. Fla. June 5, 2009) (stating that the plaintiff's allegation that he "allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5)" is "exactly the type of threadbare recital[] that the Supreme Court sought to prevent in Iqbal"); Nicholas v. CMRE Fin. Servs., Inc., No. 08-4857, 2009 WL 1652275, at *2 (D.N.J. June 11, 2009) ("By limiting itself to the language of the statutes and failing to provide any facts specific to [the plaintiff], the [c]omplaint, as currently constituted, cannot meet the requirements of Rule 8(a)(2) [and] Iqbal . . . and this Court grants Defendant's motion with respect to Plaintiff's FDCPA claims."). Accordingly, Defendant's Motion to Dismiss must be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted**. An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: November 7, 2013
Original: Clerk's Office
cc: Hon. James B. Clark U.S.M.J.
All Counsel of Record
File

4